## JAMES M. LYLES v. RICHARD BARNES.

1. PRACTICE: APPEAL: WRIT OF ERROR.—An appeal is a process of civil law origin, and removes a cause entirely, subjecting the facts and law to review and retrial. A writ of error is of common law origin, and removes nothing for examination, but the law. *Wiscart* v. *Danchy*, 3 Dallas R. 327.
2. COUNTY COURT: PRACTICE: APPEALS.—On appeals from the County to the Circuit Court in civil cases, the trial in the Circuit Court is not "*de novo*" on the merits, but upon the record of the County Court.

ERROR to the Circuit Court of Smith county. Hon. E. G. Henry, judge.

*Harper* and *Blackwell*, for plaintiff in error.

*Richard Cooper*, *W. H.* and *T. J. Hardy*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

This is an appeal from the County Court of Smith County to the Circuit Court, and a writ of error from the Circuit Court to this court.

A judgment for plaintiff, and appellant here, was rendered in the County Court below, and an appeal taken from that judgment to the Circuit Court. On the trial of the cause in the Circuit Court, *the plaintiff in error here*, moved to try the cause upon the record, as suit from the court below, which the Circuit Court refused, and proceeded to try the same on its merits *de novo*.

The defendant in attachment then moved to quash the attachment, because it was sued out before a deputy clerk, whose appointment had not been approved by the court, or the judge thereof in vacation, as required by the statute.

Upon proof of this fact, the Circuit Court quashed the attachment, and rendered judgment against the plaintiff in attachment, for costs, and the cause is brought here on writ of error. The question presented for our decision is, whether, under the provisions of the county court law, section 24, page 78, Session acts of 1865, an "appeal" from the judgment or decree of that court

to the Circuit Court, entitles the parties to a trial *de novo*, on the merits; or whether it is to be regarded as are appeals to the High Court of Errors and Appeals, under our system.

In the case of *Wiscart* v. *Danchy*, 3 Dallas, 327, Chief-Justice Ellsworth says, " an appeal is a process of civil law origin, and removes a cause entirely, subjecting the fact, as well as the law, to review and retrial; while a writ of error is a process of common law origin, and removes nothing for examination but the law." Story, J., 1 Gallison's R., pages 12, 13; Marshall, C. J., *Pennington* v. *Coxe*, 2 Cranch, 61; *Yeaton* v. *the United States*, 5 Cranch, 283; 1 Brown's Civil Law, page 945; 1 Br. Parl. Cas. 70, 590.

Does the statute in question, creating the County Court and providing for the revision of its judgments and decrees, observe this technical distinction?

In the second section of the act, providing for "*appeals*" and certiorari from justices' courts, special provision is made for a trial "*de novo*," " and by the same laws applicable to such cases in the courts appealed from." It is evident, from the language here used, that the legislature did not understand the granting of the process of "*appeal*," as importing itself a trial *de novo* upon the law and facts of the case, or else they would not have been so particular as to insert this language.

But again, in section 19, in making provision for the revision of the judgments of county courts, in criminal cases, they provide for an "*appeal* therefrom to the next term of the Circuit Court of the county, without bill of exceptions, *writ of error*, or supersedeas, upon giving bond," etc.  *  *  *  *  * " as provided by law in other respects, for *appeals in criminal cases from the Circuit* Court to the High Court of Errors and Appeals of this State,"  *  *  *  and said cause shall be proceeded with in said Circuit Court, as other cases therein, "*upon the transcript of the record thereof, and charges therein contained*, but no such ' *appeal* ' shall be granted from said County Court when the same has been tried therein by a jury."

In the first place, it is evident that in this section they did not intend to use the word *appeals* in its technical sense, because

39

they provide for the *appeal,* without bill of exceptions and without writ of error, neither of which are applicable to technical appeals, which remove the whole cause, upon both the law and facts, for a trial *de novo;* and second, because the act further uses the word *appeals* as synonymous with *writ of error,* in this immediate connection, where it says, " upon giving bond," etc.    *    *    *    " as provided by law in other respects for *appeals* in criminal cases *from the Circuit Court* to the High Court of Errors and Appeals of this State."    Our law does not provide for *appeals,* technically such, in criminal cases from the *Circuit Court* to the High Court; but provides only for *writs of error,* and writs of error bonds.

And third, because it is clear that this section intended to confine the Circuit Court to a trial, " upon the transcript of the record thereof, and charges therein contained," in analogy to proceedings of a similar character in the High Court of Errors and Appeals.

It seems obvious, therefore, that the legislature did not mean to use the word *appeal* here in its technical sense, or in other words to direct a trial *de novo* on the merits, as provided in section 2.    To give the word such a construction here would wholly defeat the object in view, and render this section 19 repugnant.

Section 24, which contains the special provision for " *appeals* " in civil cases, now under consideration, affords evidence equally conclusive, that the word " *appeals,*" as used in this act, was not designed by the legislature to be used in its original, technical sense, but in a more general sense, as including or embracing proceedings by writ of error or certiorari.    See Burrill's Law Dict., title " Appeal."

Section 24 provides that " either party aggrieved by the judgment or decree of the court may *appeal,*" etc.    *    *    *    " Bond and security    *    *    *    to be on like terms and conditions as *appeals* in like cases from the *Circuit Court* and Chancery Court to the High Court of Errors and Appeals."

There is no provision by our law by which causes may be taken by " *appeal* " from the Circuit Court to the High Court ;

but *appeals* are allowed in chancery causes; not, however, *appeals* in the technical sense, but a rehearing upon the case as presented to the court below.

It was therefore error for the Circuit Court to try the case *de novo* on the merits; but it should have confined itself to the case presented *by the record before it.*

It follows that the investigation *de novo*, as to the appointment and qualification of the officer before whom the attachment was sued out, was erroneous, and that the judgment of the County Court should have been affirmed.

This court, proceeding to render the judgment which should have been rendered in the Circuit Court, orders that the judgment of the Circuit Court be reversed, and that judgment be entered here, affirming the judgment of the County Court in favor of the plaintiff in attachment, with damages.