## Simon P. Lester *v.* Daniel T. Harris.

1. CIRCUIT COURT: COUNTY COURT: APPEALS FROM, NOT TRIED "DE NOVO."—On appeal from the County to the Circuit Court in civil cases, the trial in the Circuit Court is not "*de novo*" on the merits, but on the record of the County Court. *Lyles* v. *Barnes,* 40 Miss. 608.

2. JURISDICTION: CONSENT CANNOT GIVE: CASE IN JUDGMENT.—Consent cannot give jurisdiction where it is not authorized by law. On appeal from the County to the Circuit Court in an action of unlawful detainer the defendant in the Circuit Court did not object to a trial "*de novo*" on the merits. Held, that as the Circuit Court had only appellate jurisdiction in actions of unlawful entry and detainer, consent of the parties could not confer upon it original jurisdiction.

ERROR to the Circuit Court of Panola county. Hon. Alexander M. Clayton, judge.

Harris, in the County Court of Panola county, brought an action of unlawful detainer against Lester to recover possession of certain lots in the town of Panola. A verdict was rendered in favor of Lester. Harris appealed to the Circuit Court, and there the case was tried " de novo " on its merits, and a verdict returned in his favor. Lester, as far as the record shows, did not insist upon a trial on the record of the County Court. A bill of exceptions was taken by Lester, a motion made for a new trial, which being overruled, he brings the case to this court by writ of error.

*Walter & Scruggs,* for plaintiff in error, contended:

That the trial in the Circuit Court was a nullity ; not being authorized by law, the consent of parties could not impart to it any validity. *Lyles* v. *Barnes,* 40 Miss. 608.

*White & Chalmers*, for defendant in error, contended :

That the case of *Lyles* v. *Barnes*, 40 Miss., was not conclusive in this case. That plaintiff in error did not except to the trial in the Circuit Court; that he took his chances of success in that court, and is now precluded from objecting there.

That the point was not raised in the court below, and this court will not now entertain it.

SHACKELFORD, C.J., delivered the opinion of the court.

This proceeding commenced in the County Court of Panola county. Daniel T. Harris, the defendant in error, filed his complaint in said court, against the plaintiff in error, Simon P. Lester, for an unlawful detainer, &c.

The case was tried at the May term, 1866, of said County Court.

Jury, and verdict for the defendant in error, Simon P. Lester. Judgment awarded in his favor for his costs, &c.

Whereupon the plaintiff, Daniel T. Harris, now defendant in error, here prayed an " appeal " to the Circuit Court of Panola county.

The " appeal " being granted, the case was carried into the Circuit Court, with a record of all the proceedings in the court below.

At the November term of the Circuit Court of Panola county, the court proceeded to try the case *de novo* on the merits.

There was a jury and verdict for defendant in error, Daniel T. Harris, and a judgment that he recover the possession of the premises in question, and that he have his writ of *habere facias possessionem*. There was a motion for a new trial, which was overruled by the court.

Exceptions taken to the ruling of the court in refusing a new trial—and hence the case is brought into this court by writ of error.

The first ground of error assigned is that " the Circuit Court had no jurisdiction to try the case *de novo*."

This question has been settled by this court, in the case of

*Lyles* v. *Barnes*, 40 Miss. p. 608.   The Circuit Court has only appellate jurisdiction, in all cases brought into the Circuit Court from the County Courts of the State.

Counsel for the defendant in error, Harris, admits that if the plaintiff in error, Lester, had objected to the trial *de novo*, on the merits in the Circuit Court, that the error assigned would be fatal to his client; but insists that it is too late to raise the objection here, which he failed to make in the court below ; and that the Circuit Court having taken original jurisdiction, without objection, this court will not disturb its judgment.

It is contended in argument, that the plaintiff in error, acquiesced in the action of the Circuit Court, and that it was equivalent to a consent for the court to try the case *de novo*, on the merits, and by that consent the jurisdiction was conceded.

Plaintiff in error could not be considered as consenting to the trial as it was conducted in the Circuit Court, as he was successful in the court below.

If he did consent, could such consent give jurisdiction to the Circuit Court to try the case in any other mode than was prescribed by the statute, and is he precluded from raising the question now, in this court?

The rule contended for by counsel for defendant in error is only applicable when there is concurrent jurisdiction, and has no place when there is an entire want of jurisdiction.   *Green* v. *Creighton*, 10 S. & M. p. 159.

The County Court by the act creating it, gave exclusive jurisdiction in all cases of forcible entry and unlawful detainer. Pamphlet acts, 1865, § 23, p. 77.

The Circuit Court having only appellate jurisdiction in such cases—having taken original jurisdiction in this case, its action was absolutely void, and it is the duty of this court so to declare its action, whenever it is brought to the view of the court.   It was an unauthorized act of the court, which cannot be confirmed by any act of the parties litigant, because it had no such jurisdiction to try the case on the merits *de novo*.   An assent cannot confer a jurisdiction which is not authorized by law.

It was therefore error for the Circuit Court to try the case *de novo* on the merits ; it should have confined itself to the case presented by the record before it from the County Court.

No errors appearing in the record from the County Court, to the Circuit Court, as embraced in the record in this court: this court, proceeding to render the judgment, which should have been rendered in the Circuit Court, orders that the judgment of the Circuit Court be reversed, and that judgment be entered here, affirming the judgment in the County Court, in favor of the plaintiff in error here, Simon P. Lester, the defendant in the County Court.