### DAWKINS v. STATE, 42 Miss. R., 631.

#### MALICIOUS MISCHIEF.

The remedy of "appeal" in the county court law is given from that court directly to the circuit court, and limited to that court; therefore no appeal or writ of error lies from a judgment of the county court to the High Court of Errors and Appeals.

Error to Jasper county court.   CALHOUN, J.

*Hardy & Acker*, for plaintiff in error.

*Jasper Myers*, attorney general.

SHACKELFORD, C. J. :

The plaintiff in error was convicted upon an information in the county court of Jasper county, at the April term, 1869, thereof, charging him with malicious mischief in killing hogs,

the property of Enoch McCarty, and sentenced to pay a fine of $300 and imprisonment in the county jail for two months.

The case was tried by a jury, and verdict of guilty.

This writ of error is prosecuted to reverse the judgment rendered upon this verdict.

There are two questions presented for our consideration by this record.

1. Whether a writ of error will be allowed from the county court in such a case as the one under consideration.

2. If the writ of error cannot be taken from the county court to the circuit court in such a case, can a writ of error be taken directly to the High Court of Errors and Appeals?

1. It will be observed that the plaintiff in error did not waive his right to a jury, which he could have done under the provisions in § 14, p. 73, of the county court act, Pamphlet Acts, 1865; having been tried by a jury, the judgment on the verdict is final, from which no writ of error will lie to the circuit court.

In § 19 of same act, after pointing out the manner of "appeal," it is further provided that "no such appeal shall be had or granted from said county court when the same has been tried therein by a jury."

2. The county court being an inferior court, created by statute, with limited jurisdiction, we have to look to the statute creating it for the remedies provided in the same for redress from its judgments; the only provision for "appeal," using the language of the statute, from the judgment of the court, is to the circuit court. A writ of error or "appeal" to this court directly is not provided for anywhere in the act.

It is insisted, in behalf of the plaintiff in error, that a writ of error is a writ of right, and can be granted, and must be, from the judgments of the county courts, as well as from the circuit and chancery courts. Rev. Code, p. 22, and act amendatory thereof, p. 178, Pamphlet Acts, chap. 96, of 1858.

We are unable to concur with counsel in this view of the statute in question. It could be maintained with equal force that a writ of error could be prosecuted directly from the judgment of a justice of the peace to the High Court of Errors and Appeals as from the county court.

There was no county court in existence at the time of the adoption of the Code, or at the time of the passage of the act amending Arts. 306 and 307 of § 63 of the Code, making writs of error in criminal cases writs of right.

The remedy of "appeal" in the county court law is given from that court directly to the circuit court, and limited to that court.

The county courts not having jurisdiction of felonies, the legislature saw proper to limit all "appeals" to the circuit courts; and under the construction given to §§ 14 and 19 of the county court act by our predecessors, in the case of Liles v. Barnes, 40 Miss. R., p. 608, these "appeals," in criminal cases as well as civil cases at law, have to go into these courts by writs of error.

Whether we adhere to the construction placed upon §§ 14 and 19 of the act in question by our predecessors in the case of Liles v. Barnes, or depart from it, the decision of this case must be the same.

The act in question makes no provision for an "appeal" or writ of error (adopting the construction of the word "appeal" in this connection, given to it in Liles v. Barnes, to be a writ of error), when the case has been tried by a jury.

The plaintiff in error, by his own act, has placed himself in the position where he can neither get redress in this court nor in the circuit court. He is remediless, and the judgment against him in the circuit court is final, and the case has to be dismissed for want of jurisdiction.

We shall adhere to the construction placed upon §§ 14 and 19, in the case of Liles v. Barnes, 40 Miss., by our predecessors, for the reasons given by us in the opinion of the case of Hendricks v. Dyer, not yet reported; although we believe the intention of the legislature was to grant a trial *de novo* in all criminal cases under the provisions of § 19, when the party aggrieved waived a trial by jury.

Through the obscurity of the language used in § 19, it seems that, in the use of the word "appeal," as applied to criminal cases, the legislature meant a trial by a jury *de novo*, when no trial by jury had been submitted to by the party aggrieved. If this was not the intention of the legislature, why did they use

language in the conclusion of § 19, "that no such appeal shall be had or granted from said county court when the same has been tried therein by a jury"? It seems manifest, if they did not intend this, and that an "appeal" was meant to be a writ of error, why did they deny the right to a writ of error because the case had been tried by a jury? They seemed to have considered one trial by a jury sufficient.

Another reason, to be gathered from the language of this § 19, is that the legislature never intended that a writ of error was meant by the word "appeal," or that it should only lie from a trial by the court. If so, why did they use the language that this "appeal" should be granted to the next term of the circuit court, "without bill of exceptions, writ of error, or supersedeas," &c., "whereupon a transcript of the records and proceedings of such court shall be duly certified to said circuit court, *and said case shall be proceeded with in said circuit court as other cases therein*"?

It may be contended that the language used in the section just preceding the above quotation, warranted the construction placed upon it by our predecessors in Liles v. Barnes, that this "appeal" should be granted within five days after the adjournment of the term, as provided by law in other respects for *appeals in criminal* cases from the circuit to the High Court of Errors and Appeals of this state.

We think, from this language, that it was only intended to extend to the bond to be given by the party aggrieved by the judgment.

The only remedy provided by our statutes for the revision of a criminal case in the High Court of Errors and Appeals, is by writ of error. In this section it is provided that no bill of exceptions or writ of error is necessary for an "appeal."

How could the testimony get to the circuit court for it to try the case as an appellate court, unless it was carried to said court by bill of exceptions signed by the presiding judge who tried the case? This is dispensed with. The writ of error to bring up the record for the correction of errors in the record of proceedings below, not necessary to be embodied in a bill of exceptions, is also dispensed with.

Who is to certify " the transcript of the records and proceedings of such court " ?   The act does not say, but it seems evident that the clerk was meant as the party to certify.   If he was meant, it certainly cannot be seriously contended that he should embody all the testimony taken in the case without bill of exceptions signed, and made part of the record, by the judge.   It is not made his duty by the act to reduce the testimony to writing, and make it part of the record, to be embodied into the transcript to be sent to the circuit court.

If we are right in these views, how could a circuit court, as an appellate court, render a decision upon a record without bill of exceptions, without any of the testimony in the cause, or instructions refused or given which were excepted to ?   It would be absurd to think they could do so.

We do not intend, by anything said or intimated in this opinion, that we will disturb the previous rulings or construction placed upon the sections commented upon herein.

The law is radically defective in making no provision for " writs of error " (adopting the construction in Liles v. Barnes), when a party has been tried by a jury.   We can give none by construction, which we are called upon to do by counsel.

Let the cause be dismissed for want of jurisdiction in this court.