THE STATE OF FLORIDA EX REL. WALLACE, VS. JAMES M. BAKER, JUDGE OF CIRCUIT COURT.

1. The provisions of the acts relating to appeals from judgments of Justices of the Peace, so far as they provide for a trial *de novo* in the Circuit Court, are in conflict with the Eighth Section of Article 8, of the Constitution, and void.

2. The jurisdiction of the Circuit Court in such cases is appellate only.

3. A trial *de novo*, or new trial, is the exercise of original jurisdiction; and in cases at law, where the amount in controversy does not exceed one hundred dollars, the Circuit Courts have no such jurisdiction.

4. An appeal from the judgment of a Justice of the Peace has only the effect of a common law writ of error.

The appeal mentioned in the opinion was from a judgment of a Justice of the Peace in.Duval county to the Circuit Court for the same county. The mandamus proceedings were instituted in the Supreme Court.

The other facts are stated in the opinion.

*R. .B. Archibald* for Relator.

This case grew out of the case of Manuel C. Jordan vs. Alexander Wallace, which originated in the Justice court of J. C. Marcy, Jr., in Duval county, Florida. Judgment

was regularly entered in said Justice court on December 9th, 1881, against the relator (the defendant therein) for one hundred dollars. An appeal was regularly taken to the Circuit Court in said county, and the case was duly and properly placed upon the civil appeal docket for trial at the Spring Term of said Court, 1882. When called for trial by the Judge, James M. Baker, it was, on motion, dismissed for the reason that upon the papers on file it was impossible to review the case, though every paper required by the statute was on file; and that the statute providing for a trial *de novo* was unconstitutional It is admitted that there was no bill of exceptions or paper of like character, and there was no way for the trial of said appeal except by trial *de novo*. Was the Circuit Judge correct, then, in holding the statute unconstitutional and dismissing said appeal?

It was admitted that said appeal had been properly taken; that the case was properly on the docket; that the said Circuit Court had appellate jurisdiction in such case, but that the said statute being unconstitutional, there was no method provided by law for disposing of it, and so it was dismissed.

The Supreme Court in 6 Fla., 293, cites with approval the language of the United States Supreme Court, " that the Constitution unavoidably deals in general language," and " does not provide for a minute specification of its powers." A review therefore of proceedings had in an inferior court, in any manner provided by law, in the exercise of appellate jurisdiction, would be in harmony with that interpretation rather than a strict technical construction.

And this would seem to be the view taken by the courts of the various States.

" The organization of the appellate courts, and the mode and manner of bringing the appealed case before it, are as va-

rious as almost can be imagined." Powell on Appellate Jurisdiction, 76.

In Massachusetts, " where appeals are allowed, the cases are tried again upon their merits, and not reviewed in error. It vacates the judgment below, and the court above must make a new judgment," and this is held in that State to be the exercise of appellate jurisdiction. Kingsbury vs. Doan, 19 Pick., 530 ; Paine vs. Cowdin, 17 Pick., 142.

In Pennsylvania " appeals are allowed in many cases, but they are properly treated as a step in the cause or continuance of it from one court to another by taking the necessary proceedings within a limited time, and then the case is to be tried in the court above upon its facts and merits. This is in accordance with the true distinction between appeal and writ of error or review, when these terms are properly applied." Powell on Appellate Proceedings, 93 ; 1 Binn., 219 ; 3 Binn., 45 ; 10 S. & R., 227.

In Ohio, also, a party failing in the court below " could take the case by appeal to the next appellate court, where the case was to be tried *de novo* on the issue made up between the parties, without regard to the former trial or any errors therein committed." Powell on Appellate Proceedings, 94.

In Virginia and other Southern and Southwestern States " the mode of appellate procedure is generally by appeal and review in cases in chancery or equity, and writs of error in cases at law ;" " but this depends on the statutes and codes of the several States, which are often very unlike and frequently disregarding the distinction between appeals and errors." " In some instances appeals are allowed in cases at law, and in some even in criminal cases." Powell on App. Proceedings, 96.

It will be very plainly seen that the exercise of *appellate* jurisdiction has not by any means been limited to a review

of errors appearing in the court below as shown by a bill of exceptions or something of like nature. And a review of authorities will indicate that the manner of the exercise of such jurisdiction depends very much upon the statutes giving the right of appeal rather than upon the jurisdiction clause giving appellate powers. In all the States above mentioned the courts referred to had *appellate jurisdiction*, yet in the exercise of such jurisdiction they " tried cases *de novo*," and " tried cases anew upon their merits " in order to comply with statutes requiring it.

In New York and some other States appellate jurisdiction is exercised by a review of errors of the court below as appears by the record, this being in conformity to the laws of those States.

The case principally relied upon in the court below was the case *ex-parte* Henderson, 6 Fla., 279, particularly the language, page 289.

But the same question is not presented in this case as in that. The Constitution is different, and language is different conferring jurisdiction upon the Circuit Court.

In the Henderson case in 6 Fla., the Circuit Judge refused to exercise appellate jurisdiction because it was not specifically conferred by the language of the Constitution, the Judge holding that appellate jurisdiction was not conferred exclusively upon the Supreme Court. The conclusion arrived at in that case was " that whether the jurisdiction to be exercised in the case be original or appellate, the Circuit had the power and should exercise it."

The *manner in which appellate jurisdiction should be exercised* by the Circuit Courts *was not before the court for adjudication*. If, however, anything can be inferred from the whole tenor of the opinion of the court, it is that in the exercise of such jurisdiction the Circuit Courts should " try cases anew on their merits " because the statute in force at

the date of the decision required it, and the court nowhere in its opinion declares such statute unconstitutional. On the contrary it says that the exercise of appellate jurisdic tion by the Circuit Courts in conformity to the statute then existing, which granted trials *de novo*, had worked well for thirty years, and that they should feel extreme reluctance to overthrow the practice or declare its unconstitutionality."

As the court clearly held and declared that Circuit Courts had appellate jurisdiction, it would have been reasonable, and it would naturally have followed for it to have said that in the exercise of such jurisdiction, the case was to be tried upon errors shown to the court in the record, but nothing of the kind appears in said opinion.

It has been held that the word appellate limited the court to a review of errors appearing on the record. The definition of the word does not bear out this construction : .

" It is the jurisdiction which a Supreme Court has to *rehear* causes which have been tried in inferior courts." Bouvier's Law Dictionary.

It is held by the respondent that a trial *de novo* would be the exercise of original jurisdiction. Bouvier says (law Dic.) " that original jurisdiction is that bestowed upon a tribunal in the first instance." In the case of Jordan vs. Wallace, it was brought " in the first instance " in the Justice Court. A trial was had in said Justice Court ; a judgment was therein entered ; an appeal was taken to the Circuit Court, so that in " rehearing " provided by the statute the jurisdiction which was called into exercise in said Circuit Court was not " that bestowed upon a tribunal in the first instance," but certainly was the exercise of jurisdiction to " rehear a case previously tried in an inferior court," which the authorities cited call appellate.

The system of trying cases anew in the Circuit Courts

when brought up by appeal from Justice Courts, has worked well for the past seven years. To hold that the statute is unconstitutional and to require bills of exceptions to be made up in Justice Courts, would be practically to abolish the right of appeal from such tribunals.

*Cockrell & Walker* for Respondent.

THE CHIEF-JUSTICE delivered the opinion of the court.

M. C. Jordan recovered a judgment before a Justice of the Peace against Alexander Wallace for one hundred dol-dollars, from which judgment Wallace appealed to the Circuit Court. Jordan, plaintiff, there moved to dismiss the appeal upon the ground that there was no record and assignment of errors filed in said court according to the law of appellate proceedings, and that said court could not hear said cause in any other manner than upon a record and assignment of the errors made by the court below. The motion was opposed by appellant, who demanded a trial *de novo.*

The court " decided that the statute which provided for the exercise of jurisdiction by this court in cases of appeals on the civil side from the court of a Justice of the Peace is unconstitutional, in that it provides for the exercise of original jurisdiction in such cases ; and there being no method provided by law for the exercise of appellate jurisdiction by this court, the court declines to hear this cause, and the appeal is dismissed."

An alternative writ of mandamus was issued requiring the Judge to reinstate the cause upon the docket and to try the cause *de novo* according to the rules of practice and the statutes, or show cause, &c.

Respondent demurs to the alternative writ upon the ground that the act of the Legislature in providing that

civil actions on appeal from Justices' courts should be tried anew was unconstitutional, in that it provides for the exercise of original jurisdiction in such cases ; and also that the law authorizing appeals in civil cases " is contained in the provisions of a statute which is unconstitutional."

The Constitution confers jurisdiction in civil actions at law upon Justices of the Peace, where the amount or value involved does not exceed one hundred dollars. Section 15, Article 8.

Section 8 of the same Article says: " The Circuit Court shall have original jurisdiction in all cases at law in which the demand or the value of the property involved exceeds one hundred dollars, * * and *final appellate* jurisdiction in all civil cases arising in the court of a Justice of the Peace, in which the amount or value of property involved is twenty-five dollars and upwards, * * and power to issue all writs proper and necessary to the complete exercise of their jurisdiction."

Section 62 of the act regulating proceedings in Justices' Courts, approved February 27, 1875, (Ch. 2040) provides that when an appeal is perfected the Justice shall transmit to the Clerk of the Circuit Court a certified copy of all the entries in his docket and all the papers filed in the case, " and thereupon the said appellate court shall proceed to hear the said cause, and may allow such amendments therein as may be just, and render such judgment as may be conformable to law and the justice of the case. The trial shall be by jury, if demanded by either party." Sec. 1, Ch. 3268, approved February 11, 1881, says : "All appeals taken from a judgment of any Justice of the Peace shall be tried *de novo.*"

A proper construction of these sections will determine this case.

The *original* jurisdiction of the Circuit Court in civil

cases at law is confined by the Constitution to those cases in which the demand or the value of the property involved (other than real estate) exceeds one hundred dollars, and the original jurisdiction of Justices of the Peace extends to one hundred dollars value.

The Circuit Courts have *appellate* jurisdiction in civil causes arising in a Justice court involving twenty-five dollars and upwards. The Circuit Court has no original jurisdiction of such matters cognizable in a Justice's court; in other words, it has no original jurisdiction of a case at law in which only one hundred dollars or less than one hundred dollars is involved. The case in which the appeal is taken is one of them, and as to these cases the jurisdiction of the Circuit Court is strictly appellate.

"*Appellate* pertains to the judicial review of adjudications. Appellate jurisdiction is the power to take cognizance of and review proceedings had in an inferior court, irrespective of the manner in which they are brought up, whether by appeal, or by writ of error." (Abbott's Law Dict.) It would seem to be idle to inquire whether a court having purely appellate jurisdiction of a subject-matter by the terms of the Constitution can have original jurisdiction of the same subject-matter conferred by the Legislature, yet this is one of the questions presented in this case.

The case of Ex-parte Henderson, in 6 Fla. R., 279, decided that the trial *de novo* of a cause coming to the Circuit Court on appeal from a Justice's court was the exercise of original rather than appellate jurisdiction.

It was held also in Lacy vs. Williams, 27 Mo., 280, and Co. of St. Louis vs. Sparks, 11 Mo., 203, that a trial *de novo* in the Circuit Court on an appeal from the County Court would not strictly be the exercise of appellate but of original jurisdiction.

Where words confer only appellate jurisdiction, original

is clearly not given. (Ex-parte Henderson.) And especially where the Constitution draws the line distinctly and clearly declares where the boundary is, it is beyond the power of the Legislature to establish a different one.

The Constitution confers on Circuit Courts appellate jurisdiction, and it is confined to the limits there defined. Whether exercised by a writ of error, *certiorari* or appeal, as may be provided by statute, it is still appellate, and its office is to review the proceedings of the inferior tribunal and to decide the law of the case as presented by the record legitimately brought up by the appeal.

The Constitution conferring on parties the right of appeal, and on the Circuit Courts the power to entertain it, the statute has provided *how* an appeal may be taken. While it is evident that the Legislature had in view a trial by the exercise of original jurisdiction of the cause appealed, yet so far as it provided the machinery by which the appeal might be effected, the law is valid to give the Circuit Court power to dispose of the case ; while so much of the law as provided for a trial by a jury, or otherwise than by a review, is not authorized but conflicts with the Constitutional restriction. The appeal here provided operates as a statutory writ of error, bringing up the proceedings for examination and judgment upon their validity. Hendricks vs. Johnson, 6 Porter, 472 ; Lewis vs. Nuckolls, 26 Mo. 278 ; Lyles vs. Barnes, 40 Miss. 608.

It is said that the Legislature has not provided any machinery by which the proceedings, testimony, exceptions, etc., may be brought up by the appeal for review. This may be true, and if it is beyond the power of the courts to establish rules to accomplish the object, resort must be had to the Legislature to supply them.

As the law stands it is undoubtedly the duty of the Circuit Courts on such an appeal duly perfected to exam-

ine the proceedings as certified by the Justice and to reverse or affirm the judgment as material errors may or may not appear, and so certify the same to the court below as on a writ of error or *certiorari* at common law. Lewis vs. Nuckolls, 26 Mo.

In this view the appeal should not be dismissed if regularly taken, without examining the return of the Justice to ascertain if error was apparent which affected the rights of the appellant to his injury.

In many of the States where the jurisdiction of the courts is not so sharply defined, it is provided that a new trial may be had in the Circuit Court on appeal from judgments of inferior courts. It was so in this State under the former Constitution which gave Circuit Courts original jurisdiction of matters without regard to the amount involved, and having such original jurisdiction, it could try *de novo* causes brought before it by means of the statutory appeals from Justice's courts in the same manner as causes commenced by summons. But as the present Constitution forbids the Circuit Courts to take original jurisdiction of matters at law involving less than one hundred dollars in value or amount, the Legislature cannot confer such jurisdiction by indirect means.

Relator prays a peremptory writ requiring the Judge to reinstate the cause upon the docket, and that he proceed to try the cause *de novo* as provided by the statute.

The first ground of Relator's demurrer questioning the Constitutional power of the Legislature to authorize such trial is sustained. The second ground of demurrer, that the law authorizing appeals in civil cases is " contained in the provisions of a statute which is unconstitutional " is not sustained. The *act* regulating proceedings in Justices' courts is not an unconstitutional act, though it may contain provisions that are void, if the several portions are

not dependent upon each other. Cooley's Cons. Lim. 177-8; Bucky vs. Willard, 16 Fla. 330.

The peremptory writ is refused.

1. The provisions of the acts relating to appeals from judgments of Justices of the Peace, so far as they provide for a trial *de novo* in the Circuit Court, are in conflict with the Eighth Section of Article 8, of the Constitution, and void.
2. The jurisdiction of the Circuit Court in such cases is appellate only.
3. A trial *de novo*, or new trial, is the exercise of original jurisdiction ; and in cases at law, where the amount in controversy does not exceed one hundred dollars. the Circuit Courts have no such jurisdiction.
4. An appeal from the judgment of a Justice of the Peace has only the effect of a common law writ of error.