# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1884.

20   399
f58   537

THE STATE OF FLORIDA, EX REL. JOHN CHESTNUT, VS. THOMAS F. KING, CIRCUIT JUDGE, RESPONDENT.

The last clause of Section 7 of Chapter 3248, an act to provide summary proceedings against delinquent tenants, approved February 16, 1881, which provides that on an appeal from the judgment of the County Judge the Circuit Court shall try the case *de novo*, is inoperative. By the eleventh section of Article 6 of the Constitution the power of the Circuit Court in such cases is appellate only, and an appeal, in the absence of a statute regulating the proceeding, gives the Circuit Court only such power as it would have by a common law writ of error. The act in other respects appears to be valid.

The facts of the case are stated in the opinion.

*Taylor & Sanchez* for Relator.

THE CHIEF-JUSTICE delivered the opinion of the court.

Relator procured an alternative writ of mandamus directed to Judge King, commanding him to show cause

why he should not be required to try *de novo* a cause appealed from a County Judge under " an act to provide summary proceedings against delinquent tenants," approved February 16, 1881, Chapter 3248.

A proceeding had been had under that act against relator resulting in a verdict and judgment against him, and he appealed to the Circuit Court. The cause was regularly docketed in that court and relator demanded a trial as provided by Section 7 of the act, the last clause of which reads : " an appeal so taken shall operate as a supersedeas, and the cause shall be tried *de novo* in the Appellate Court." The court declined to try the cause " *de novo* " (by which we understand the court refused a trial by jury or by hearing evidence anew as in a case of original jurisdiction,) and afterwards dismissed the appeal and remanded the cause to the County Judge, This is a brief statement of the case as shown by the relator.

The return of the Judge substantially admits that this statement is correct with the exception that before dismissing the appeal he gave the parties to understand that he would consider the proceedings in the case if properly certified by the County Judge ; that the papers filed were detached papers with no intelligible narrative of the proceedings. That afterwards appellants filed what purported to be a bill of exception signed by the County Judge, but as there was no evidence that the plaintiff had any notice of settling the bill of exceptions, he refused to consider any alleged errors and dismissed the appeal.

It is insisted by relator's counsel that because the Circuit Courts, by the Constitution, have original jurisdiction of actions of forcible entry and unlawful detainer, and all actions involving the title and right of. possession of real estate, they should try such causes though brought up by appeal. But Section 11 of Article 6, relating to County

Courts and Judges, reads thus: "They may have also jurisdiction of such proceedings relating to the forcible entry or unlawful detention of lands and tenements, subject to the *appellate* jurisdiction of the Circuit Courts, as may be provided by law." And so, although the Circuit Court has original jurisdiction of such proceedings, its power in cases appealed from the County Judge is *appellate* only, and we have held in other cases that where appellate jurisdiction only is given the court cannot exercise original jurisdiction. State vs. Baker, 19 Fla., 19, and State vs. Vann., ib., 29. We think those cases were correctly decided. The appeal in such cases carries the cause to the Circuit Court to be disposed of in the exercise of its appellate and not its original powers. The appeal in the absence of any statutory regulation of the method or of the extent of the exercise of the power of review by the Circuit Court has the effect of a common law writ of error, and transfers the cause to that court for the purpose of determining whether the lower court has kept within its jurisdiction and its statutory powers, whether it had jurisdiction of the subject matter and of the parties, and whether its judgment is such as it had power to render, all of which must be judged of by the return made on the appeal of the proceedings had before the County Judge.

With these views we determine that the respondent well refused to try the cause anew, the provision that the case shall be tried *de novo* being unauthorized by the Constitution.

The return of the respondent suggests the question whether the act conferring upon County Judges the power to try cases of this character is Constitutional. The Legislature is certainly authorized by Section 11, of Article 6, to confer on County Judges the power to try " proceedings relating to the forcible entry or unlawful detention of lands."

The act in question gives jurisdiction of causes where tenants hold over after the expiration of their time without permission, and also after default in payment of rent. Such holding over is " unlawful detention," within the meaning of the words used in the Constitution.

The writ is quashed with costs against relator.