STATE OF FLORIDA EX REL. ALEXANDER S. NICHOLS, *Relator,* v. W. S. BULLOCK, JUDGE, *Respondent.*

CIRCUIT COURT—APPELLATE JURISDICTION ONLY IN CASES APPEALED TO IT FROM COUNTY JUDGE'S COURT.

Under the Florida constitution and laws circuit courts have only appellate jurisdiction in civil and criminal cases appealed from the courts of county judges, and in such cases circuit courts cannot exercise any original jurisdiction, such as permitting new or amended affidavits or charges to be there filed for the first time, or by trying the case anew before the judge or a jury, but in such cases the circuit courts act appellatively only, and review and pass upon the case as tried in the county judge's court upon the transcript of record brought up by the appeal, and simply reverse or affirm as error may or may not appear from such record. The appeal in such a case from the county judge's court to the circuit court operates simply as a common law writ of error.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Davant & Davant,* for Relator;

*E. W. Davis,* for Respondent.

TAYLOR, J.—The relator, Alexander S. Nichols, was charged in the County Judge's Court of Hernando County, by a very crude affidavit sworn to entirely upon unsworn hearsay and not upon any personal knowledge of the affiant, with the misdemeanor of enticing away the laborers of another. Motion was made before the County Judge to quash this affidavit for insufficiency, vagueness and indefiniteness, and because its charges were based entirely upon unsworn hearsay, and not upon any personal knowledge of the affiant making it. The County Judge overruled this motion and put the relator to trial upon which he was convicted of the charge and sentenced. From this judgment of conviction he took his appeal to the Circuit Court of said County of Hernando. Upon such appeal the relator filed in the Circuit Court a complete certified transcript of the entire proceedings and judgment in the County Judge's Court, including his motion to quash the affidavit containing the charge against him and the County Judge's order denying such motion to quash, and the relator's exception to such ruling. When the case came on for hearing in the Circuit Court the relator renewed his motion before the Circuit Judge to quash the affidavit upon which he was tried before the County Judge. This motion the Circuit Judge granted, but permitted the State Attorney to file a new affidavit then and there sworn to for the first time charging the same offense attempted to be charged before the County Judge, but more fully, defi-

nitely and effectually setting forth the offense, and upon this new affidavit made and filed for the first time in the Circuit Court the cause is now pending for trial in the Circuit Court. Upon this state of facts the relator has made his application here for the writ of prohibition against the respondent Circuit Judge alleging that it is the intention of the said Circuit Judge to try him, the relator, *de novo* in the Circuit Court upon such new or amended affidavit there filed, and that he will so try him *de novo* upon such new or amended affidavit unless prohibited from so doing. The respondent Circuit Judge now moves to quash what he terms the alternative writ, meaning the rule issued here to show cause if any why the writ of prohibition should not be granted, upon the following grounds:

1.  Because it does not appear in and by the suggestion upon which said alternative writ was granted that the trial court was without jurisdiction.

2.  Because it does not appear in and by said suggestion that the trial court exceeded its jurisdiction in attempting to try the case of the State of Florida versus Alexander S. Nichols.

We think that the application or suggestion filed here for the writ of prohibition sets up a good and sufficient cause for the relief sought.

By section 11 of Article V of our Constitution our Circuit Courts are vested only with *appellate* jurisdiction in all civil and criminal cases arising before the County Judge and before justices of the peace in counties where there is no county court. By section 22 of said Article V of our Constitution as amended in 1895, it is provided that appeals from Justice of the Peace courts in criminal cases may be tried *de novo* under such regulations as the Legislature may prescribe, but this last provision is there expressly confined to appeals from courts

of Justices of the Peace, and does not authorize a trial *de novo* in the Circuit Court in a criminal case arising before the County Judge and appealed from his court to the Circuit Court. Section 4056 of the General Statutes of 1906, enacted to carry out the provisions of said section 22 of Article V of the constitution, also expressly confines its provisions for trials *de novo* in the Circuit Courts to appeals in criminal cases from courts of Justices of the Peace. So far then as appeals in civil or criminal cases are concerned from County Judge's courts to the circuit courts the jurisdiction of the latter is *appellate only,* and in such cases the circuit courts cannot exercise any original jurisdiction, such as permitting new or amended affidavits or charges to be there for the first time filed, or by trying the case anew before the Circuit Judge or before a jury, but in such cases the circuit courts acts appellatively only, and review and pass upon the case as tried in the County Judge's court upon the transcript of record brought up by the appeal, and simply reverse or affirm as error may or may not appear from such record. The appeal in such a case from the County Judge's court to the Circuit Court operates simply as a common law writ of error. State *ex rel.* Wallace v. Baker, 19 Fla., 19; State *ex rel.* Selph v. Vann, Ibid. 29; State *ex rel.* Chestnut v. King, 20 Fla. 399.

When the Circuit Judge found upon the motion made before him to quash the affidavit upon which the relator was tried and convicted before the County Judge that the County Judge had erred in not granting the same motion when made before him, he should then and there simply have reversed and remanded the cause to the County Judge's Court with directions to quash the said affidavit, but when he went further and permitted a new and amended charge against the relator to be made and filed in his court, and retained the case on the docket of his

court as a pending cause for future trial *de novo,* it was the exercise of original jurisdiction with which the circuit courts are not clothed in such cases. The motion of the respondent to quash the application or suggestion of the relator for the writ of prohibition must, therefore, be, and is hereby, denied, and the peremptory writ of prohibition as applied for is hereby granted and ordered, at the cost of the State.

All concur.