STATE, *ex rel.* H. V. PERRITT, v. J. E. PEACOCK, County Judge.

187 So. 770.
Division A.
Opinion Filed April 4, 1939.

A case of original jurisdiction—Mandamus.

*M. S. McGregor,* for Relator;

*Fred Mills,* for Respondent.

BUFORD, J.—This is an original proceeding in Mandamus wherein it is sought to coerce the County Judge of Volusia County, Florida, to transmit to the Circuit Court

the original affidavit and papers for trial *de novo* in the Circuit Court of one taking an appeal from judgment of conviction in the Court of the County Judge.

The relator contends that having been convicted of a misdemeanor in the Court of the County Judge, he may prosecute his appeal to and have a trial *de novo* in the Circuit Court, under the provisions of Sections 6159 R. G. S., 8473 C. G. L. and 6160 R. G. S., 8474 C. G. L. While the respondent contends that the jurisdiction of such cases in the Circuit Court is appellate only and that the Relator if he takes appeal to the Circuit Court must go up on transcript of record for review only and not for trial *de novo*.

The question presented has been definitely settled in the opinions and judgments of this Court in the cases of State v. King, 20 Fla. 399; State, *ex rel.* Nichols, v. Bullock, 58 Fla. 534, 50 So. 418; State, *ex rel.* Hopps v. Horne, 75 Fla. 149, 77 Sou. 672; State, *ex rel.* Gordin, v. Barnes, *et al.,* 119 Fla. 405, 161 Sou. 568.

In the Hopps Case, *supra,* the Court said:

"The question presented for decision is this: Should an appeal to the Circuit Court from a judgment of conviction in a Court of a County Judge be made returnable as writs of error are returnable by statute, or should such appeal be made returnable to the Circuit Court 'on or before the first day of its next term?'

"From the answer of the respondent it appears that the confusion and uncertainty arises because of the provisions of Sections 4053, 4054 and 4055 General Statutes of 1906, to the effect that an appeal from a judgment or sentence of conviction in the court of a *County Judge* or a justice of the peace shall operate as a supersedeas if the appellant shall enter into a bond *conditioned to appear before the Circuit Court at its next ensuing term,* and that the Judge

of the court from which such appeal is taken shall make return of the proceedings had before him and shall file such return together with all the papers pertaining to the case in the Circuit Court *on or before the first day of its next term.*

"Originally these Sections were Chapter 3717 of the Acts of 1887. This statute was designed to regulate appeals from justice of the peace courts to Circuit Courts in Criminal Cases. If, by inserting in Section 4053, as it now appears in the General Statutes of 1906, the words 'court of a county judge,' it was intended to make the proceedings upon appeals from County Judges' Courts in such cases the same as in appeals in such cases from courts of Justices of the Peace, the purpose is without avail because under the constitution of this State, the proceedings in such appeals are different in character and cannot be made the same by statute. State, *ex rel.* Nichols, v. Bullock, 58 Fla. 534, 50 South. Rep. 418. We hold, therefore, that these sections, with reference to the return day, refer to appeals from justice of the peace courts which are tried *de novo* in the Circuit Court and not to appeals from County Judges' Courts which are reviewed by the Circuit Court upon the transcript of the record brought up by the appeal and affirmed or reversed as error may or may not appear from such record."

So, the motion to quash the alternative writ must be granted.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.