STATE, *ex rel.* JAMES BAGGS, v. H. B. FREDERICK, as Judge of the Circuit Court, Seventh Judicial Circuit, Volusia County.

168 So. 252.

Opinion Filed May 14, 1936.

*M. S. McGregor,* for Relator;

*Murray Sams,* for Respondent.

DAVIS, J—Section 22 of Article V of the Constitution of Florida provides:

"Appeal from Justice of the Peace Courts in criminal cases may be tried *de novo* under such regulations as the Legislature may prescribe."

By statute (Sections 8471 C. G. L., 6515 R. G. S., to 8474 C. G. L., 6160 R. G. S., inclusive) the Legislature has invoked the method of appeal provided for by the Constitution and has provided in Section 8474 C. G. L., *supra,* that the Circuit Court "shall" proceed to try all criminal cases on appeal from Justice of the Peace Courts *de novo* as though the proceedings had been originally begun in the Circuit Court.

The controversy now before this Court involves the right of relator, who was haled before a Justice of the Peace Court and there entered a plea of guilty of assault and battery, to prosecute an appeal from a four months jail sentence imposed upon him consequent upon his conviction pursuant to his plea of guilty.

The right to appeal and demand a trial *de novo* in the Circuit Court from a Justice of the Peace Court conviction in this State is entirely regulated by statute. The statute imposes no limitation on the right to appeal such as to confine the right to those only who have pleaded not guilty in the Justice Court and been convicted by it after trial and we perceive no good reason for reading into the statutory right of appeal a limitation on its enjoyment not found in its language.

Justice of the Peace Courts in Florida are not Courts of record. On the contrary, they proceed with the utmost informality. For the latter reason, no doubt, the Constitution itself recognizes that appellate proceedings from such Courts are best made to serve the purpose of justice through,

according to the accused, an unconditional trial *de novo* in the Circuit Court, under proper forms of accusation and before a judge and jury of the highest degree of capability.

An appeal will not lie until a judgment of conviction is duly entered in a criminal case, even though it be purely a "test" proceeding and involves no actual culpability. Pensacola Lodge No. 497, B. P. O. E. v. State, 74 Fla. 498, 77 Sou. Rep. 613. No sound reason is suggested why a person charged with a criminal offense before a Justice of the Peace Court must first suffer a possibly farcical trial in the inferior tribunal, with attendant expense to the county, when, by resort to a voluntary plea of *nolle contendere* or *guilty,* the proper predicate for an appeal with trial *de novo* can be laid. This is especially true where the statute imposes no limitation against the right to appeal from "a judgment or sentence of conviction" except that the appeal be taken within thirty days.

The rule that a voluntary plea of guilty waives any defects not jurisdictional in a criminal case, and that it has such legal effect that a judgment by confession entered on such plea of guilty cannot ordinarily be reviewed by appeal or writ of error, is sound, but is wholly inapplicable to Justice of the Peace Court appeals that are made triable *de novo.* This is so, because the procedure of appeal to obtain a trial *de novo* of criminal charges originating in inferior tribunals, such as Justice of the Peace Courts, is entirely statutory. And the statute so providing confers upon the convicted person a special privilege that must be construed as forming an exception to the general rule obtaining in ordinary appellate proceedings not involving the right to a trial *de novo.*

In this case the Circuit Judge is made respondent in a mandamus proceeding to coerce him to reinstate and try an

appeal dismissed because the appellant pleaded guilty in the Justice of the Peace Court from which the appeal was taken. It follows from what has been said that the peremptory writ should issue.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.