STURGIS, Chief Judge.
The petitioner, Edna Aris, seeks by cer-tiorari to have this court review an order of the Circuit Court of Duval County affirming on appeal a judgment of conviction entered by the Criminal Court of Record of Duval County, Florida. The petitioner had been tried by jury and found guilty upon an information charging her, as driver of an automobile involved in an accident resulting in the death of one A1 Louis Rosenberg, with the crime of having failed to stop said automobile at the scene of and as close to the accident as possible and with having failed to remain at the scene of the accident and give her name, address, and the registration number of said automobile.
*671 Petitioner’s initial pleadings in this court indicated that the judgment of affirmance was entered September 3, 1963, and on that premise the respondent moved to dismiss the petition on the ground that it was not filed within the time limited by Rule 4.5, subd. c, Florida Appellate Rules, 31 F.S.A. Petitioner responded thereto by showing that she applied to the circuit court for rehearing of said judgment and that the order of that court denying rehearing was entered within 60 days prior to the date the petition for writ of certiorari was filed in this court. In the course of the hearing on the motion to dismiss it was developed that petitioner had failed to comply with certain procedural requirements of Rule 4.5, subd. c(l), F.A.R., with the result that it was impossible for this court to determine from the record here presented by petitioner whether the circuit court, on the appeal from the Criminal Court of Record, had before it a transcript of that part of the trial proceedings reflecting a transaction in the trial court as a result of which error was assigned on the appeal to the circuit court; more specifically, in so far as the petition for writ of certiorari is concerned, it was not accompanied by an official record of the transaction having to do with the question of the admissibility of certain evidence presented by respondent in the course of the jury trial, which question forms the basis of petitioner’s application for writ of cer-tiorari.
It is obvious that the alleged error of the trial court could not have been properly explored by the circuit court without the benefit of a transcript of so much of the trial proceedings as was necessary to reflect the material happenings on which assignments of error were predicated; and by the same token, on petition for writ of certiorari this court must be furnished with such parts of the record in the circuit court as are essential to a competent review of the judgment of affirmance.
We denied respondent’s motion to dismiss the petition for writ of' certiorari and afforded the petitioner an opportunity to comply with certain procedural requirements which had been ignored. Our order did not specify that she furnish such transcript, if any, because that requirement is inherent under Rule 4.5, subd. c(l), F. A.R. Petitioner thereafter complied with-certain specifics of our order, but has not as yet filed a transcript of the mentioned, trial proceedings or demonstrated that same-was filed in the circuit court or that the ground here asserted as a basis for cer-tiorari was the subject of an appropriate assignment of error on the appeal to the circuit court. Petitioner has, however, filed a brief in reply to respondent’s brief herein,, and has attached thereto by way of an. appendix a purported excerpt from the trial proceedings, certified as correct by the court reporter, relating to the admission of certain evidence over objection of the petitioner (defendant). We repeat that there is nothing before this court to indicate that such record or its equivalent was before the circuit court incident to the appeal resulting in the judgment of affirmance: here sought to be reviewed. Moreover,, the method employed by petitioner in the-reply brief is not the proper procedure-by which to furnish, an official record in support of a petition for writ of certiorari.
The common-law writ of cer-tiorari as here sought is available only upon a clear showing of entitlement. It is the purpose of Rule 4.5, subd. c(l), F. A.R., to provide the reviewing court, at the initial stage in the proceeding, with an official record of so much of the proceedings which petitioner seeks to have reviewed as is essential to a competent disposition of the petition. The petition herein does not meet that requirement and' fails to demonstrate entitlement to the writ.
Certiorari denied.
CARROLL, DONALD K, and RAWLS, JJ., concur.