PER CURIAM.
Appellant was charged with the ■crime of robbery. At arraignment he entered a plea of not guilty; later he changed his plea to that of guilty and waived jury trial. The trial court adjudged him guilty and sentenced him to a term of eight years in the state penitentiary.
This appeal is from the judgment and sentence entered by the criminal court of record pursuant to the defendant’s plea of ■guilty.[1] The grounds relied upon for reversal are that the defendant was denied adequate representation by counsel in that the Public Defender who had been appointed to represent him had assigned two different assistant public defenders to handle his case. One of these assistants appeared with him at arraignment and conferred with him at length in preparation of his defense. The other assistant entered the case immediately prior to the time his case was ■called for trial. Appellant argues that this substitution of assistants deprived him of representation by his counsel, and that he was not given an opportunity to secure ■counsel of his own choice.
The record before us shows that the defendant was arraigned on February 27, 1964, pleaded not guilty and waived jury trial through his attorney, James S. Nasel-la, Assistant Public Defender. The record further shows that on April 29, 1964 the ■defendant, through Marco Loffredo, Assistant Public Defender, changed his plea ■of not guilty to that of guilty. He was adjudged guilty and sentenced the same day. There is no showing in the record that the •defendant objected to his representation by a different assistant public defender, nor is there any showing that there was a request for a continuance.
The meager record before us does not present the facts on which any of the alleged errors are predicated. In the absence of such showing a presumption arises that the trial court acted properly.[2] Unless an assignment of error is supported by the record it will not be considered on appeal.
Our careful examination of the record on appeal and consideration of the points of law presented by the appellant’s brief leads us to the conclusion that the defendant has failed to carry his burden of making error clearly appear. Therefore, the judgment appealed should be, and it is, affirmed.
Affirmed.

. A judgment entered on a plea of guilty ordinarily cannot be reviewed on appeal. Perez v. State, 3Tla.App.1983, 151 So.2d ■865.

. Faulkner v. State, 146 Fla. 769, 1 So.2d 857 (1941); Aris v. State, 3 Fla.App.1964, 162 So.2d 670.