173 So.2d 766 (1965)
Joseph Louis GIBSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-926.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
*767 Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
On July 31, 1958 an indictment was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, charging the appellant with the crime of first degree murder. The appellant executed and filed a motion requesting the appointment of Attorney Herman Methfessel to represent him in this matter. Accordingly, an order was entered appointing the aforesaid attorney as counsel for the appellant.
Following the appointment of counsel, the appellant was arraigned and entered a plea of "not guilty" to the charge.
On September 9, 1958 the appellant moved the court for a psychiatric examination and an order granting the same was entered on September 11, 1958. Following the examination, the trial court entered its order adjudging the appellant to be sane and competent to stand trial.
On or about October 13, 1958 the appellant, with the advice of counsel, voluntarily withdrew his prior plea of "not guilty" to the charge of murder in the first degree, and entered a plea of "guilty" to the crime of murder in the second degree. The trial court accepted the change of plea.
On October 13, 1958 the appellant was adjudicated guilty of the crime of murder in the second degree, and sentenced to a term of life imprisonment in the State Penitentiary.
The appellant has filed his petition for relief, pursuant to Criminal Rule Number One, F.S.A. ch. 924 Appendix, which alleged in substance:
(1) That appellant was denied the assistance of counsel after making a request;
(2) That illegal and unlawful evidence was obtained from him under duress; and
(3) That appellant was denied a preliminary hearing.
The trial court denied appellant's petition and thereafter the appellant timely filed his notice of appeal to this court.
The law is well settled in Florida that a trial court may summarily deny a Rule One petition without a full evidentiary hearing when the allegations in the petition, even if true, fail to constitute valid grounds for collateral attack. Marti v. State, Fla.App. 1964, 163 So.2d 506; Savage v. State, Fla.App. 1963, 156 So.2d 566.
It is also well established that allegations conclusively refuted by the files and records in a case do not constitute valid grounds for collateral attack. Sampson v. State, Fla.App. 1963, 158 So.2d 771.
Appellant's first allegation is as follows:
"Movant is an asthmatic, and has been from childhood. Movant became very ill and repeatedly requested to see a doctor, or be allowed to call a lawyer, or a friend. Movant was denied all requests."
This allegation is refuted by the record, which indicates that the trial court appointed Attorney Herman Methfessel at the personal request of the appellant prior to the time of arraignment. In addition, a petition filed with the trial court by the appellant's attorney stated that he was contacted by the appellant "a few days after he was arrested on a warrant from the Justice of the Peace Court" and that he "talked to the defendant several times, as well as to members of his family, in preparation for the preliminary hearing, which was held on July 22, 1958".
*768 Accordingly, the first allegation of the petition is conclusively refuted by the record and the trial court was entitled to summarily reject it.
The appellant's second allegation was:
"Movant was abused, cursed and intimidated until movant signed what he thought to be a statement of his movements and whereabouts on the night of the alleged killing."
As pointed out above, the appellant withdrew his plea of "not guilty" to the crime of first degree murder, and entered a plea of "guilty", with the advice of counsel, to second degree murder. Consequently, this statement was never used against him and proof of guilt was not required. Kirkland v. State, Fla.App. 1964, 165 So.2d 774, 775.
In addition, a petition was filed by appellant's trial counsel in which the trial counsel made a full and complete disclosure as to the reasons for the change of the plea from "not guilty" of murder in the first degree to "guilty" of murder in the second degree. The attorney for petitioner indicated that the appellant freely and voluntarily changed his plea upon the advice of counsel, and there was no showing that any alleged statement of the appellant had ever been used against him. It should also be remembered that a voluntary plea of guilty in a criminal case waives all defects other than jurisdictional, 2 Fla.Jur., Appeals, § 312, P. 668, citing Mixon v. State, Fla. 1951, 54 So.2d 190; and further, that a judgment entered on a plea of guilty ordinarily cannot be reviewed by appeal. State ex rel. Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252; Perez v. State, Fla. App. 1963, 151 So.2d 865.
Accordingly, the second allegation of the petitioner is conclusively refuted by record and the trial court was entitled to summarily reject it.
Appellant's final allegation is that he was denied a preliminary hearing.
It has been continually held in this state that a preliminary hearing is not an essential stage in a Florida criminal proceeding. Baugus v. State, Fla. 1962, 141 So.2d 264; Rouse v. State, 1902, 44 Fla. 148, 32 So. 784; Di Bona v. State, Fla.App. 1960, 121 So.2d 192. Thus, the denial of a preliminary hearing cannot deprive a defendant of due process of law and the substance of a fair trial. Hoffman v. State, Fla.App. 1964, 169 So.2d 38; Wooten v. State, Fla.App. 1964, 163 So.2d 305. This is particularly true in the absence of a showing that prejudice to the appellant resulted from his failure to have a preliminary hearing. See Wooten v. State, supra.
It is therefore the opinion of this court that all of the allegations contained in the appellant's petition are conclusively refuted by the record and the files in this cause, and that the order of the lower court denying the petition for relief is affirmed.