PER CURIAM.
The appellant was informed against, charged with certain felonies in violation of § 398.03, Fla.Stat., F.S.A., as a second offender. He was arraigned and pleaded not guilty. He was represented by the public defender. At the outset of the trial, prior to presentation of evidence by the state, the defendant, with benefit of advice of counsel, withdrew the not guilty plea and pleaded guilty. Thereupon, after certain testimony was presented to the court, the defendant was adjudged guilty and was sentenced. Subsequently he was adjudged insolvent and filed this appeal in proper person.
We have considered the contentions presented by the appellant in the light of the record and briefs and find them to be without merit. Appellant’s contentions relating to evidence which came before the court furnishes no basis for reversal. The judgment based on his plea of guilty was not appealable as to such matters. The adjudication of guilt was entered on the plea of guiltjr and not on evidence presented at a trial on the merits. Gibson v. State, Fla.App.1965, 173 So.2d 766, 767, 768; Perez v. State, Fla.App.1963, 151 So.2d 865, 866; State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252. The record fully discloses the proceedings at the time the plea of guilty was entered, and it sufficiently appears that the guilty plea was knowingly and voluntarily made. The contention of the appellant that he was not properly represented by counsel in the proceedings referred to above is without support on the record, which shows no objection made by the defendant to his counsel or request for other counsel or for continuance. See Cole v. State, Fla.App.1965, 172 So.2d 607.
No reversible error having been made to appear, the judgments appealed from are affirmed.