190 So.2d 605 (1966)
Leon Cornelius CHILDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-415.
District Court of Appeal of Florida. Third District.
October 11, 1966.
Leon Cornelius Childs, in pro. per.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
This is an appeal from a summary denial of defendant's motion for relief brought pursuant to Criminal Procedure Rule No. 1, F.S.A., Chapter 924 Appendix.
The appellant was arrested without a warrant on August 6, 1965. Three separate informations were filed charging him with the crime of robbery. On August 18, 1965, the public defender was appointed to defend the appellant on one of the three charges. At arraignment, the appellant entered a plea of not guilty and waived trial by jury. On August 26, 1965, the trial court held a hearing on appellant's motion to suppress the evidence which was denied. Following this denial, appellant withdrew his prior plea and entered a plea of guilty. The court deferred the entry of sentence and then heard testimony concerning the charge. Thereafter, the appellant was adjudged guilty. On September 14, 1965, the public defender was appointed to defend the appellant on the remaining two charges. Appellant entered a plea of not guilty at arraignment and waived a jury trial. On October 4, 1965, the cases came on for trial whereupon the appellant withdrew his prior pleas and entered a plea of guilty. The trial court then heard testimony concerning these two cases. During the course of this testimony, the court noted that counsel for the appellant had left the courtroom. Counsel *606 returned and the testimony given in his absence was repeated. Appellant was then adjudged guilty in each case. He was sentenced to life imprisonment in all three cases, the sentences to run concurrently.
Appellant alleges that he was unlawfully arrested without a warrant, and that there ensued an illegal search. Further, that he was interrogated by the police before being informed of his constitutional rights. The appellant also contends that his counsel was inadequate and that he was denied due process of law when counsel left the courtroom during the questioning of a witness. Appellant also challenges the court's denial of appointed counsel for the appeal.
The trial court found that appellant was represented by the public defender at the time of his arraignment, trial and sentence, and that the files and records show conclusively that he is not entitled to the relief sought.
The record shows that appellant voluntarily entered a plea of guilty in each case. The following colloquy is representative of the court's question in each case prior to accepting pleas of guilty:
"THE COURT: How old are you?
"THE DEFENDANT: 33.
"THE COURT: How far have you gone in school?
"THE DEFENDANT: Sixth grade.
"THE COURT: Do you read and write?
"THE DEFENDANT: Fairly.
"THE COURT: Do you understand that you have entered a plea of guilty to a charge which carries a maximum of life imprisonment?
"THE DEFENDANT: Yes, sir.
"THE COURT: It's one of the most serious offenses on the book. Have you entered your guilty plea freely and voluntarily?
"THE DEFENDANT: Yes, sir, I have.
"THE COURT: Has anyone threatened you in any way?
"THE DEFENDANT: No, sir, they haven't.
"THE COURT: Has anyone promised you anything?
"THE DEFENDANT: No, sir.
"THE COURT: Has anyone indicated to you what kind of sentence you would receive?
"THE DEFENDANT: No, sir.
"THE COURT: Are you entering the guilty plea because you are guilty or for any other reason?
"THE DEFENDANT: Because I am guilty, sir."
A voluntary plea of guilty waives any defects not jurisdictional in a criminal case.[1] Thus, those allegations concerning unlawful arrest, illegal search and failure to advise appellant of his constitutional rights prior to interrogation have not been shown to be prejudicial and are insufficient to sustain a collateral attack on the judgment and sentence.
The only factual allegation to support appellant's contention that he was not adequately represented by counsel is that counsel left the courtroom during the questioning of a witness.
While the action of counsel in leaving the courtroom was improper, the circumstances indicate that it did not constitute a denial of due process of law. The hearing at which counsel left the courtroom followed the plea of guilty by the appellant. The trial judge immediately rectified the *607 situation by having the witness restate the testimony given in the absence of counsel. Thus, the error was not prejudicial and did not amount to a violation of due process of law.
The trial judge was correct in determining that assistance of counsel is not essential on that post-conviction motion to accomplish a fair and thorough presentation of appellant's claim.[2]
Accordingly, the order appealed is affirmed.
Affirmed.
NOTES
[1] State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252 (1936); Gibson v. State, Fla. App. 1965, 173 So.2d 766.
[2] State v. Weeks, Fla. 1964, 166 So.2d 892.