PER CURIAM.
This case is before the Court on appellee’s motion to quash appellant’s appeal.
The Attorney General filed a motion to quash the appeal in this case on July 11, 1966, stating that the defendant had been charged in an Information with cruelty to a child, and that on the same day the appellant appeared with his counsel, was arraigned, entered a plea of guilty, was adjudged guilty, and was sentenced to serve a term of two years in the Florida State Prison.
The motion further states:
“ * * * a judgment entered on a plea of guilty ordinarily cannot be reviewed by appeal. State ex rel. Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252; Perez v. State, Fla.App.1963, 151 So.2d 865.” (Gibson v. State, Fla.App.1965, 173 So.2d 766, text 768.)
The motion to quash further states that since the appellant was adjudicated guilty and sentenced upon a plea of guilty that he could not appeal this case under the circumstances and that the appeal should be quashed.
The motion to quash was denied by this Court.
Subsequently, on August 23, 1966, the transcript of proceedings was filed in this Court. These show that the defendant was represented by the Public Defender in a hearing before .the circuit judge, who questioned the Defendant about the charge against him and whether anyone had made any offer of reward or threat to get him to> plead guilty, to which question the defendant said, “no, sir.”
The defendant was then asked if he had made up his mind if that was what he wanted to do and he stated, “yes, sir.”
The following testimony appears in the-transcript:
“MR. TALLEY: You understand that you have a right to trial by jury?
“MR. GIBSON: Yes sir.
“MR. TALLEY: And that I have been appointed by the Court to represent you, and that although the suit shows I was appointed today, I have been working with you previous to this, have I not?
“MR. GIBSON: Yes sir.
“MR. TALLEY: You understand I would represent you in a trial if you so desired it ?
“MR. GIBSON: Yes sir.'
“MR. TALLEY: You wish to waive that right and enter a plea of guilty; is that correct?
“MR. GIBSON: Yes sir.
“MR. TALLEY: At this time then you do enter a plea of guilty to this charge that has been read to you ?
“MR. GIBSON: Yes sir.
“THE COURT: Do you feel like you have consulted with your attorney to know what you should do on this charge ?
“MR. GIBSON: Yes sir.”
The court then proceeded to enter into further discussion with the defendant concerning his decision to plead guilty. He was asked if it was his decision to plead guilty; if that, was what he wanted to do; *190 if he was 21 years old; if he fully understood the charge; and then the court asked:
“THE COURT: Nobody has threatened you with the consequences if you didn’t plead guilty or anything like that?
“MR. GIBSON: No sir.
■“THE COURT: Has anybody promised you that I would go easy on you or anything like that if you plead guilty?
“MR. GIBSON: No sir.”
The court then further questioned the defendant Gibson about the charges against him, stating:
“THE COURT: It is up to you to determine whether you feel like you bruised the child and what you did do that was so excessive that you feel you are guilty oí this. It is up to a jury to determine if you plead not guilty.
In the first instance it is up to you whether you want to plead guilty to this charge. You are not charged with whipping, you are charged with overly and excessively chastising the child. There is no particular injury, but the child'would have to be injured to bring this charge. It doesn’t say what injury; so you are not charged specifically with a head injury. I understand there were other injuries to the child. You admit doing all these tilings. Whether you think you are guilty of this charge it is up to you. I am sure that your attorney explained to you what the charge is all about.
“MR. GIBSON: Yes sir.
■“THE COURT: Do you want to maintain your plea of guilty to the charge or not guilty and have a jury trial ?
“MR. GIBSON: I pled guilty.
“THE COURT: To this charge you have pled guilty and the court adjudges you to be guilty; and it is the sentence and judgment of this court that you be confined in the State Prison for two years on this charge.”
It is clear to this court that the defendant was represented by the Public Defender, who had been representing him before the day he plead guilty; that his attorney thoroughly explained to him the consequences of pleading guilty; that the circuit judge further explained in detail the consequences of pleading guilty; • and that the defendant so plead with the knowledge of these consequences.
We, therefore, sua sponte quash the appeal on the grounds set forth in the Attorney General’s motion.
ALLEN, C. J., and SHANNON and LILES, JJ., concur.