ON MOTION TO QUASH
PER CURIAM.
Appellant pled guilty to a charge of robbery and was sentenced to five years imprisonment upon adjudication of his guilt. During the proceedings below, the trial judge attempted to appoint the public defender to represent Grizzell, who vehemently declined to be represented by the public defender.
In his assignments of error, the appellant, ignoring the fact that he pled guilty to the charges, contends in broad language that he had been deprived of rights guaranteed by the sixth and fourteenth amendments of the United States Constitution and the laws of the State of Florida.
Standing alone, assignments of error in this cause are so broad, vague, and wanting in specificity that they fail to advise the court the nature of the error complained of by the appellant.
The grounds advanced by the State in support of its motion to quash this appeal are that the appellant seeks to have reviewed a judgment of conviction and sentence entered upon a plea of guilty where there is no contention by the appellant that said guilty plea was coerced or irregular in any other respect. Appellant’s brief reflects that the trial court attempted to appoint the public defender to represent appellant, but the latter unequivocally declined the offer, *377 stating that if the court insisted upon appointing the public defender, he, the appellant, would appeal. Inspection of the record on appeal and appellant’s brief indicates that the appellant’s appeal is not only without merit, but contains a brand of frivolity bordering upon absurdity.
The State’s motion to quash is granted on the authority of Gibson v. State, District Court of Appeal, 196 So.2d 188, Second District, 1967; and Post v. Bowles (D.C.W.Va.1963), 218 F.Supp. 658, aff’d. 332 F.2d 738, cert. den. 380 U.S. 981, 85 S.Ct. 1346, 14 L.Ed.2d 274.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ. concur.