PIERCE, Judge.
ON MOTION TO DISMISS
The State of Florida, as appellee, has moved to dismiss this appeal upon the ground that Johnny Ramey, appellant herein, entered plea of guilty in the Court below, was adjudged guilty and sentenced, and is now attempting to appeal from said judgment, which the State contends is not reviewable by appeal. The State cites an excerpt from Gibson v. State, Fla.App.1965, 173 So.2d 766, text 768, as follows:
“ * * * a judgment entered on a plea of guilty ordinarily cannot be reviewed by appeal. State ex rel. Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252; Perez v. State, Fla.App.1963, 151 So.2d 865.”
The case of Clayton v. State, Fla.App.1966, 188 So.2d 395, text 396, also a 3rd District Court case, is likewise cited, but it merely follows Gibson.
In the Gibson case, from which the above quotation was taken, Gibson at first entered plea of not guilty to a charge of first degree murder, later entering a plea of guilty with permission of the Court to a charge of murder in the second degree and was sentenced to life imprisonment. Gibson subsequently filed his petition under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix contending that he was denied assistance of counsel by the trial Court, that illegal evidence was obtained from him under duress, and that he was denied a preliminary hearing. The trial Court denied such petition under C.P.R. No. 1, and Gibson appealed to the 3rd District Court. That Court took up seriatim each of the points relied upon as aforesaid, disposed of them adverse to Gibson, and affirmed the case on the merits. In the course of the opinion the Court observed:
“The attorney for petitioner indicated that the appellant freely and voluntarily changed his plea upon the advice of *105 counsel, and there was no showing that any alleged statement of the appellant had ever been used against him. It should also be remembered that a voluntary plea of guilty in a criminal case waives all defects other than jurisdictional, 2 Fla.Jur., Appeals, § 312, P. 668 citing Mixon v. State, Fla.1951, 54 So.2d 190; and further, that a judgment entered on a plea of guilty ordinarily cannot be reviewed by appeal. State ex rel. Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252; Perez v. State, Fla.App. 1963, 151 So.2d 865.”
The latter portion of the last above quotation is the passage contained in the State’s motion here. But it will be noted that such statement at best is.mere obiter because the appeal there was from an order denying a petition under C.P.R. No. 1, and the appeal was affirmed on the merits, not dismissed upon any motion. We will review State ex rel. Baggs v. Frederick and Perez v. State, cited in support thereof.
In the Baggs case, the defendant Baggs had pleaded guilty to the charge of assault and battery in a Justice of the Peace Court and had then sought to appeal a judgment entered upon such plea of guilty to the Circuit Court. Under the Constitutional and Statutory provisions then obtaining, an accused upon such appeal could demand and receive trial de novo in the Circuit Court. Baggs’ appeal had been dismissed by the Circuit Court upon the ground that an appeal would not lie where the accused pleaded guilty in the lower Court. Baggs filed mandamus proceedings in the Supreme Court to coerce the Circuit Judge to reinstate and try the appeal, which brought the question of his right to appeal under such circumstances directly into focus. The Supreme Court, in an opinion by Justice Fred Davis, held unanimously that he had the legal and constitutional right to appeal and receive a de novo trial in the Circuit Court even though he had entered plea of guilty in the trial Court, and granted peremptory writ of mandamus. In the course of the opinion, the Supreme Court said:
“The rule that a voluntary plea of guilty waives any defects not jurisdictional in a criminal case and that it has such legal effect that a judgment by confession entered on such plea of guilty cannot ordinarily be reviewed by appeal or writ of error, is sound, but is wholly inapplicable to justice of the peace court appeals that are made triable de novo. This is so because the procedure of appeal to obtain a trial de novo of criminal charges originating in inferior tribunals, such as justice of the peace courts, is entirely statutory.” (Emphasis supplied).
It will be observed in the Baggs opinion that no cases are cited to support what the opinion calls “the rule” that a judgment “entered on such a plea of guilty cannot ordinarily be reviewed by appeal”; also that even in the statement of “the rule”, questions of jurisdiction are excluded from the appeal ban. Also, said quoted provision in Baggs held the appeal there to be an exception to “the rule” because such appeal was “entirely statutory”, an observation that will be alluded to later herein.
Thus the Baggs case, like the Gibson case, sets forth mere obiter insofar as any applicability to the case sub'judice is concerned.
In the Perez case, also cited in support of the statement in Gibson, Perez had pleaded guilty to the offense of receiving and concealing stolen property, and the judgment of conviction thereon was appealed to the 3rd District Court. That Court in disposing of the appeal, said:
“We have fully examined the record, and the extensive brief which the appellant personally prepared and filed, and conclude that no showing has been made upon which this appellate court could or should disturb the adjudication of guilt of the offense of receiving and concealing stolen property which was entered pursuant to the defendant’s plea of guilty *106 to that offense. A judgment entered on a plea of guilty ordinarily can not be reviewed by appeal. State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252, 253. The record in this case affords no basis to make exception to that rule.
Affirmed.’.’
While the short opinion in Perez did refer to the holding in Baggs aforesaid, yet such statement in Perez, like in Baggs, was strictly obiter. The Perez opinion disposed of the case adverse to Perez on the merits, and the judgment appealed from was affirmed, not dismissed.
The foregoing is a review of all three cases, Baggs, Perez and Gibson, that were cited in the State’s Motion to Dismiss here, (except the Clayton case, which, as before stated, merely follows Gibson), and it will be observed that, not only were the observations made in each case strictly obiter, but in each case the appeal was disposed of on the full merits involved.
Another case, not otherwise mentioned, is Cole v. State, Fla.App.1965, 172 So.2d 607, wherein the defendant Cole had pleaded guilty to robbery, was adjudged guilty, and sentenced to eight years imprisonment. The judgment of conviction was appealed and the 3rd District Court reviewed upon the merits each contention raised on the appeal, and affirmed the conviction. The opinion itself makes no mention whatever of the right to appeal under such circumstances, but a marginal note observes that “A judgment entered on a plea of guilty ordinarily cannot be reviewed on appeal”, citing the Perez case, supra. So the Cole case can be added to the other three and falls in the same class of strict obiter.
The point involved has been diligently researched and there is no other authority in the adjudicated Florida cases that denies an accused his right of appeal from a judgment of conviction where the judgment is based upon a guilty plea. On the other hand, the Supreme Court in State ex rel. Seay v. Mayo, Fla.1939, 189 So. 26, held plainly that—
“A defendant has a right as a matter of law to have judgment of conviction and sentence entered by lower court reviewed by Supreme Court.”
It is our considered view that under the law of Florida an accused in a criminal case has a legal right to a review of a judgment of conviction entered against him, though he had waived trial by jury and pleaded guilty.
The cited cases, other than Seay, even in their obiter observations, impliedly concede that an appeal may be had to review any question of “jurisdiction”. And obviously, if any area of review is available to a defendant, the appellate Court should not dismiss or quash the appeal. Not a single criminal appeal in the books has been dismissed because the judgment appealed from was based upon a plea of guilty. “The rule” announced in the Baggs case, from which all the later cases flow, has no basis for support, either in the statutory or judicial law of Florida.
It may well be that, in any case where an appeal is taken under such circumstances, there would be little if anything to bring before the appellate Court, but such is no reason for holding, as a matter of law, that the door is closed upon the right to at least take the appeal.
One last word: in the Baggs case it will be recalled that the appeal was held to be permissible because the procedure therefor there was “entirely statutory”. The appeal in the instant case derives solely by statute. F.S. Sec. 924.06 F.S.A. says:
“An appeal may be taken by the defendant only from:
(1) [a] final judgment of conviction * * * if
It is our view that the observation quoted in the cases cited by the State here stems from a wholly unauthorized and unneces *107 sary reference to a supposed "rule” in the Baggs opinion, supra, which "rule” has never been authoritatively announced by the Florida Courts.
Anything said in Gibson v. State, Fla.App., 196 So.2d 188 in conflict herewith is to such extent superseded.
The-instant Motion to Dismiss is accordingly denied.
ALLEN, C. J., and HOBSON, J., concur.