PER CURIAM.
On December 24, 1969, the petitioner Anthony Joseph Bocchino, who then was confined in the Florida State Penitentiary, filed in this court a petition for writ of habeas corpus. Thereby he sought relief on five grounds: (1) That certain records were denied to him subsequent to his conviction and sentence; (2) that his initial arrest was unlawful; (3) that he did not receive adequate representation by counsel ; (4) that his plea of guilty was coerced; and (5) that on his latest motion for relief in the trial court under Rule 1.850 CrPR, 33 F.S.A. he was denied an eviden-tiary hearing.
This court issued a rule, directed to the respondent, to show cause why a writ of habeas corpus should not issue. The respondent filed a return thereto which, among other things, showed the following. During his trial in the circuit court of Dade County, the defendant changed his plea from not guilty to guilty, of the crime of rape, with which he was charged in the indictment. He was so adjudged, and was sentenced thereon to imprisonment for life in the state penitentiary. On June 24, 1964, the defendant filed a petition in the trial court for relief from the judgment and sentence, and requested to be supplied with certain records of the case. In that petition the defendant contended he had not been properly represented by counsel and *239 that his change of plea from not guilty to guilty was not voluntarily made. That petition was denied by an order dated September 18, 1964, in which the court directed that the requested records be forwarded to the defendant.
It is revealed that the defendant escaped from confinement on August 14, 1964, and was not returned to custody until April 24, 1968. Thereafter the defendant petitioned for habeas corpus in the federal trial court in Dade County. Therein he raised three of the grounds which he is re-asserting in the present proceeding, to-wit: denial to him of records, that his guilty plea was made under duress and inadequate representation by counsel. After hearing, the federal court found the grounds to be without merit in light of the record of the state court proceedings in the case and denied the- writ, by an order dated August 13, 1968.
Thereafter the defendant filed another petition for relief in the state trial court under Rule 1.850 CrPR. In that petition he repeated the contention as to inadequate representation by counsel, and contended that his arrest was unlawful; that the period of time which elapsed between his arrest and when he was taken before a committing magistrate constituted a denial of his constitutional rights; that bail was not set after his arrest; that the trial court erred in refusing to exclude certain evidence because of the claimed unlawful arrest ; and that his petition was denied without an evidentiary hearing. No appeal was taken from the order of January 24, 1969, denying that petition. However, the petitioner claims he did not have notice of the order in time to appeal therefrom. He moved the trial court to extend the period of appeal- for that reason. The motion was denied.
Upon considering the petition for habeas corpus filed in this court, and the response thereto, we hold the latter shows good cause why the writ should not issue, and the application for writ of habeas corpus is denied.
In addition, on the theory that the defendant was frustrated in taking a timely appeal from the trial court’s order of January 24, 1969, denying his second petition for relief under Rule 1.850 CrPR, we have treated this habeas corpus proceeding as a substitute for an appeal therefrom. Powe v. State, Fla.1968, 216 So.2d 446; Baggett v. Wainwright, Fla.1969, 229 So.2d 239 (opinion filed November 25, 1969).
The trial court properly rejected the grounds of the petition which had been rejected when asserted in previous petitions. The defendant’s plea of guilty, the voluntariness of which was established by prior rulings in the case, operated as a waiver of all non-jurisdictional defects. Gibson v. State, Fla.App.1965, 173 So.2d 766. No facts were alleged to show that the petitioner’s arrest was unlawful. After arrest he was indicted and voluntarily pleaded guilty to the charge.
Since the grounds relied on in the final motion for relief in the trial court were either repetition of those unsuccessfully asserted on prior petitions, or were conclusively refuted on the record, or were such as to raise legal rather than eviden-tiary questions, the disposition of the petition by the trial court without an eviden-tiary hearing was justified under the criminal procedure rule invoked. No reversible error having been demonstrated in the trial court’s order of January 24, 1969, it is hereby affirmed.
It is so ordered.