279 So.2d 326 (1973)
Paul S. BANKSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 72-383.
District Court of Appeal of Florida, Second District.
May 25, 1973.
Rehearing Denied July 13, 1973.
*327 Walter R. Talley, Public Defender, Bradenton, Malory B. Frier, Tampa, Associate Counsel, and Paul S. Bankston, pro se, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant was convicted by a jury of failure to appear while on bond. He was adjudged guilty and sentenced to four years in the state penitentiary.
Appellant was originally arrested on a charge of assault with intent to commit murder. At a preliminary hearing on November 9, 1971, he was released on bail. On December 13, 1971, he and a codefendant were formally charged with the offense by an information.
Prior to December 13, 1971, appellant went to New York, without leave, to answer criminal charges pending against him in Nassau County, where he was taken into custody. He was released on December 22, 1971, when his bondsman contacted him and advised him that he had been scheduled for arraignment on December 23, 1971. He had previously been scheduled to appear on December 14, 1971. Transportation was not available for him to return to Florida in time for the arraignment, so the bondsman had the date postponed again until December 30, 1971. Appellant did not appear for this hearing and the bond was forfeited. Appellant returned to his home in Florida sometime in January and was arrested on February 6, 1972.
At the trial neither the original nor a certified copy of the bail bond was introduced into evidence. Appellant contends that a conviction under F.S. § 843.15 F.S.A. may not be sustained in the absence of the admission into evidence of an original or certified copy of the bond or undertaking under which the accused was released. We disagree with this contention.
The bail bond was collateral evidence of the crime, and was not central or critical to the case against appellant under the circumstances of this case. F.S. Section 843.15 F.S.A. states in plain language that a person released on bail in connection with a felony charge shall be guilty of a felony in the third degree if he willfully fails to appear before any court or judicial officer as required. Rule 3.130(d)(2), RCrP, 33 F.S.A. provides that if a person "is admitted to bail after he has been held to answer by a magistrate, ... the condition of the undertaking shall be that he will appear to answer the charges before the court in which he may be prosecuted and submit to the orders and process of the court, and will not depart without leave." The purpose of bail is to place the accused as much under the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused whenever required by the court; Capitol Indemnity Insurance Company v. State, Fla. 1956, 86 So.2d 156; Matera v. Buchanan, Fla.App. 1966, 192 So.2d 18; 8 Am.Jur.2d, Bail and Recognizance, § 4.
Appellant knew that he would be required to appear before the court on the felony charge when the court set a date for his appearance. He testified that the bondsman told him to stay in touch every week until he got a trial date, and that he did keep in contact with the bondsman until he went to New York. He did not inform the bondsman or the court that he was going to New York, nor did he advise the court or the bondsman that he was in *328 jail in New York. His willful failure to appear when required by the court subjected him to prosecution under the provisions of F.S. § 843.15 F.S.A.
Appellant next contends that he was deprived of his constitutional right to the effective assistance of counsel, because his court-appointed counsel failed to object to certain hearsay testimony. Appellant urges that the main thrust of his defense was lack of criminal intent, and that the alleged hearsay testimony was the only testimony which tended to refute his defense.
The record on appeal does not reveal that appellant objected to being represented by counsel, or requested other counsel or a continuance; Cole v. State, Fla.App. 1965, 172 So.2d 607; Clayton v. State, Fla.App. 1966, 188 So.2d 395.
Success is not the measure of counsel's effectiveness, and mere errors of judgment as disclosed by subsequent events are not sufficient to establish ineffective assistance of counsel; United States v. Hammonds, 1970, 138 U.S.App.D.C. 166, 425 F.2d 597; United States v. Rosebar, 1972, 150 U.S.App.D.C. 164, 463 F.2d 1255. The appropriate standard for ineffective assistance of counsel is whether gross incompetence blotted out the essence of a substantial defense; Bruce v. United States, 1967, 126 U.S.App.D.C. 336, 379 F.2d 113; Scott v. United States, 1970, 138 U.S.App.D.C. 339, 427 F.2d 609.
Appellant has failed to sustain his heavy burden of demonstrating ineffective assistance of counsel; Rosebar, supra; Bragg v. Wainwright, Fla.App. 1971, 252 So.2d 376; Foxworth v. State, Fla. 1972, 267 So.2d 647.
The judgment is affirmed.
BOARDMAN, J., concurs.
McNULTY, J., concurs in conclusion only.