376 So.2d 233 (1979)
Charles Eddie BRIDGES, Appellant,
v.
STATE of Florida, Appellee.
No. 49976.
Supreme Court of Florida.
September 6, 1979.
Rehearing Denied November 19, 1979.
Yale T. Freeman, Hirschhorn & Freeman, P.A., Miami, Sp. Public Defenders, for appellant.
Jim Smith, Atty. Gen., Ira N. Loewy, Asst. Atty. Gen., Miami, for appellee.

ORDER
PER CURIAM.
Charles Eddie Bridges was convicted in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, of the crime of burglary. He seeks appeal of his conviction to this Court pursuant to Article V, Section 3(b)(1), Florida Constitution, because the trial court, in denying a motion to dismiss, passed upon the constitutionality of the burglary statute. However, the judgment of conviction was entered pursuant to a plea of guilty. A defendant who pleads guilty to a charge cannot appeal his conviction, even though he has raised a constitutional issue. A voluntary plea of *234 guilty in a criminal case waives all defects other than jurisdiction. State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252 (1936); Siders v. State, 342 So.2d 1013 (Fla. 4th DCA 1977). The exception for jurisdictional defects assures that appellate review can always be had where a judgment is based on a charging instrument that wholly fails to charge an offense, Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971), or where a court imposes an illegal sentence. Ex parte Bosso, 41 So.2d 322 (Fla. 1949); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973).
The appeal is dismissed. See Robinson v. State, 373 So.2d 898 (Fla. 1979).
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
It is elementary that parties cannot by agreement between themselves confer jurisdiction upon a court; nor can jurisdiction arise by virtue of inadvertence of the parties or their counsel; nor can jurisdiction arise by waiver.
If a defendant is charged with the violation of an unconstitutional criminal statute, no court has jurisdiction of the offense. A defendant has the right as a matter of law to have his judgment of conviction reviewed by this Court, when he attacks the validity of the statute, even though he pled guilty. See Ramey v. State, 199 So.2d 104 (Fla. 2d DCA 1967).
I would entertain the appeal.