HENDRY, Judge.
This appeal is from the circuit court’s denial of appellant’s petition for certiorari. Leonard Brady, a Dade County employee, had received a three-day suspension without pay from his employment as a police officer; a hearing examiner recommended that the suspension be withdrawn but he was later reversed by the county manager, pursuant to Section 2-47, Code of Metropolitan Dade County. Thereafter Brady appealed the county manager’s decision to the Circuit Court of the Eleventh Judicial Circuit by way of a petition for certiorari. Appellant now contends that certiorari review was improperly denied him. We cannot subscribe to such view, and affirm the order.
As set down in Morris v. City of Hialeah, 140 So.2d 615 (Fla. 3d DCA 1962), our scope of review is limited to determining whether reversible error has been demonstrated to have been committed by the circuit court. We find that it is clear that the circuit court applied the proper law and acted in accordance with established procedure. See also, Jones v. City of Hialeah, 294 So.2d 686 (Fla. 3d DCA 1974) and Miranda v. City of Miami, 185 So.2d 498 (Fla. 3d DCA 1966).
The subject petition for certiorari and this appeal were filed prior to March 1, 1978, thus, the 1962 Revision of the Florida Rules of Appellate Procedure governed at the circuit court level and govern in this court currently. Rule 4.5 requires that appellant provide a certified copy of the transcript of proceedings. The failure to provide such a transcript violated Rule 4.5(c), and the circuit court properly denied certio-rari review. McKenzie v. Board of Public Instruction of Dade County, 188 So.2d 683 (Fla. 3d DCA 1966) and Aris v. State, 162 So.2d 670 (Fla. 1st DCA 1964).
Accordingly, the order dismissing the petition for writ of certiorari is affirmed.