DANIEL S. PEARSON, Judge,
joined by HUBBART, Chief Judge, concurring in part.
We concur in all of Judge Nesbitt’s opinion except that part entitled “The Burden of Proof.” As to that portion of the opinion, we entirely agree with it§ conclusion that (1) the trial court erred in placing the burden of proof on the property appraiser as to the taxpayer’s counterclaim, and (2) upon remand of this cause, the taxpayer will have the burden of proving its counterclaim by the greater weight of the evidence, rather than to the exclusion of every reasonable hypothesis of a legal assessment. We disagree, however, with the legal analysis used in reaching this second conclusion. We would, instead, base the second conclusion solely on the ground that the property appraiser did not follow the applicable statute [§ 193.011, Fla.Stat. (1977)] in making his property assessment in this case[13]; for had he done so, the higher burden of proving the counterclaim to the exclusion of every reasonable hypothesis of a legal assessment would, in our view, have remained applicable.
The presumption of validity which we accord to the appraiser’s assessment does not depend on the statutory procedures designed by the Legislature to provide relief to those who deem themselves affected by misappraisals or actions of the Board of Adjustment. Instead, the presumption arises from the proposition that:
“[t]ax assessors are constitutional officers and as such their actions are clothed with the presumption of correctness. One asserting error on the part of the tax assessor must show by ‘proof’ that every reasonable hypothesis has been excluded which would support the tax assessor.” Straughn v. Tuck, 354 So.2d 368, 371 (Fla.1978).
The reason for indulging the presumption in all instances when the appraiser has satisfied the necessary predicates is rooted in sound public policy.
“The fixing of a valuation on property by a tax assessor for the purpose of taxation is an administrative act involving the exercise of administrative discretion, and the Court will not in general control that discretion unless it is illegally or fraudulently exercised or exerted in such manner or under such circumstances as will amount in law to a fraud. A situation might be presented for judicial interference where specific assessment is so obviously and flagrantly excessive as to impute clearly to the assessor an intention to discriminate arbitrarily against the taxpayer; or where there appears prejudicial or material error in matter of law, *1146 independent of the exercise of a discretion as to value. But mere excessive valuation, resulting solely from inadvertence or mistaken judgment, and unaffected by any element of illegality in matter of law, or intentional or other abuse of authority, or fraud, express or implied, will not suffice as a ground of equitable jurisdiction.” Powell v. Kelly, 223 So.2d 305, 307 (Fla.1969) (citation omitted).
The presumption is a recognition of “the difficulty of fixing with certainty the full cash value of the property and the great variance in values set by persons of like experience and judgment, all making estimates conscientiously,” Sehleman v. Connecticut General Life Insurance Company, 151 Fla. 96, 104, 9 So.2d 197, 200 (1942). By placing upon a challenger to the property appraiser’s assessment the burden of overcoming the assessment by proof which excludes every reasonable hypothesis of a legal assessment, we effectively deter litigation over minor disagreements in valuation and keep the courts out of the business of property valuation where the appraiser has conscientiously done his job as prescribed by Section 193.011.
Moreover, the presumption in favor of the validity of the property appraiser’s assessment is unaffected by the fact that the burden of proof in the Circuit Court is upon the party initiating the action and that an appraiser may, by virtue of a recent change in the law, initiate the action. While the appraiser, if the initiator of, or counter-claimant in, the Circuit Court proceedings, will have the burden of proof on his claim or counterclaim, that burden is to convince the fact-finder of the correctness of the assessment made by him.[14] If his assessment was not made in substantial compliance with Section 193.011, it is viewed as any other assessment, accorded the weight to which it is entitled, and the property appraiser, thereafter, with this and other evidence, has the burden of proving his claim by the greater weight of the evidence. But if the property appraiser shows that his assessment was made in substantial compliance with Section 193.011, then the burden shifts to the taxpayer, not merely to establish that the taxpayer’s evidence as to valuation of the property is more convincing than the property appraiser’s, but rather to overcome the property appraiser’s assessment by excluding every reasonable hypothesis of a legal assessment.
To accord presumptive correctness to the Board of Adjustment valuation would effectively vitiate the presumptive correctness accorded the property appraiser’s assessment. If the presumptive correctness of a property appraiser’s assessment made in substantial compliance with Section 193.011 were said to be replaced by a different valuation placed on the property by a Board of Adjustment, then a taxpayer would be relieved of his burden to overcome the appraiser’s presumptively correct assessment by using the Board of Adjustment as a mere way station to the Circuit Court and there merely to show that his valuation should be preferred over that of the property appraiser.[15] And in a case where a Board of Adjustment has unjustly failed to accord presumptive correctness to a property appraiser’s assessment and the appraiser takes remedial action in the Circuit Court, *1147 the appraiser would be deprived of the presumption by the arbitrary action of the Board. The public policy which underlies the acceptance of a property appraiser’s conscientiously made assessment and places upon the taxpayer the heavy burden of excluding every reasonable hypothesis of a legal assessment cannot be eroded so easily. Therefore, we emphasize that the presumption of correctness in favor of the property appraiser’s assessment is lost only when, as here, the appraiser disentitles himself to this presumption by failing to substantially comply with Section 193.011.
Lastly, because the very nature of the proceeding in the Circuit Court is de novo, there is no presumption of correctness which attaches to the valuation made by the Board of Adjustment.[16],[17] However, the fact that the valuation placed on the property by the Board of Adjustment has no presumptive effect in the de novo proceeding in the Circuit Court does not make the role of the Board meaningless. First, a taxpayer desiring to challenge his ad valo-rem real property tax assessment may avail himself of the opportunity to be heard at the administrative level of the Board without undertaking, as he initially might, see Sections 194.032(3) and 194.171, Florida Statutes (1977), a more costly and time-consuming action in the Circuit Court. Bath Club, Inc. v. Dade County, 394 So.2d 110, 114 n. 13 (Fla.1981). If the taxpayer obtains a satisfactory reduction from the Board of Adjustment and the variance from the property appraiser’s assessed value is within the parameters of Section 194.-032(6)(a)2, Florida Statutes (1977), so as to preclude the appraiser from bringing suit in the Circuit Court, then the taxpayer has been accorded speedy and unassailable relief at the administrative level. In such a case, the Board has accomplished the valuable purpose of resolving an obviously minor disagreement. If the taxpayer obtains less of a reduction than he believes he deserves and, again, the variance from the property appraiser’s assessed value is within the parameters of Section 194.032(6)(a)2, Florida Statutes (1977), the taxpayer may institute a de novo proceeding in the Circuit Court without jeopardizing his administrative gain. In such an instance, the Board’s decision, while not a total resolution of the dispute, serves the function of establishing the benchmark above which the Circuit Court cannot go. This is so because the tax appraiser may not counterclaim in the taxpayer’s action unless the threshold percentages of Section 194.032(6)(a)2 are met. The tax appraiser’s assessment in such an action can serve only to defeat the taxpayer’s claim for further relief, not to provide affirmative relief to the appraiser.[18] The only instance where the Board’s valuation is meaningless is one in which the variance made by the Board is large enough to allow the appraiser to initiate an action or counterclaim in the Circuit Court, and the appraiser avails himself of that statutory right. In this instance, the Board has neither resolved a dispute nor established a benchmark, and the Circuit Court litigation will proceed as any other original litigation, unaffected by the results of the administrative resolution. In our view, the Legislature, by providing that the Circuit Court proceeding be de novo, intended it to be no other way.

. The property appraiser must consider each of the factors enumerated in Section 193.011, see n. 3, supra, but is free to assign to each factor such weight as he deems proper. Straughn v. Tuck, 354 So.2d 368 (Fla.1978); Atlantic International Investment Corporation v. Turner, 383 So.2d 919 (Fla. 5th DCA 1980).

. Since in the present case the tax appraiser does not seek review of the denial of relief in the lawsuit initiated by him, were the Circuit Court upon remand to be persuaded that the appraiser’s $68,251,535 assessment is correct, it could not, of course, fix that as the proper valuation, but would be limited to denying relief to the taxpayer on its counterclaim seeking a reduction of the $59,560,000 fixed by the Board of Adjustment. This limitation does not come about because of any presumptive correctness in the Board’s determination, but rather because here the appraiser has now accepted the Board’s determination, and, in other cases, because the Board’s determination may be immune from challenge by the appraiser. See § 194.032(6)(a)2 (allowing the appraiser to bring an action only where the Board has reduced the appraiser’s assessment in excess of the percentages specified in the statute).

. Judge Nesbitt’s view that the Board’s reevaluation replaces the appraiser’s assessment leads him to the further view that a party’s burden in the Circuit Court is to demonstrate some error committed by the Board. This view would change the nature of the Circuit Court proceedings from de novo to classic certiorari.

. Where a statute vests jurisdiction in the Circuit Court to conduct a review or hear an appeal de novo, rules of ordinary appellate proceedings do not apply. Compare State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252 (1936), with State ex rel. Nichols v. Bullock, 58 Fla. 534, 50 So. 418 (1909).

. Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla.1981), gives no such presumption to the Board’s valuation. The statement in Bath Club, Inc. that “[pjublic officials are presumed to perform their duties in a proper and lawful manner” was in response to the taxpayer’s claim that the Board’s makeup was inherently biased and the Board incapable of an impartial decision.

.Since the appraiser in the present case has abandoned his appeal on his initial claim, the effect of this abandonment is to make the Board’s valuation the benchmark above which the Circuit Court may not go when this case is remanded to it.